and declaration and between the execution and the judgment and declaration; and the motion was sustained.

J. H. Martin, for plaintiffs.

L. C. Ryan, for claimant.

---

### Nussbaum & Company *v.* Connor.

This case is ruled by *Waxelbaum & Son* v. *Connor*, decided April 23d, 1894.        *Judgment reversed.*

August 20, 1894.

The facts are the same as in the preceding case.

---

### Savannah, Americus & Montgomery Ry. Co. *v.* McLeod.

The action being for a personal injury by negligently running a locomotive, and the evidence showing that the plaintiff's capacity to labor was impaired to the extent of one half, and there being evidence from which the jury could have inferred that the plaintiff contributed in some degree to the injury by his own negligence, inasmuch as he was in such full possession of his faculties that he knew danger was impending and knew also that after the engineer saw him he did not blow his whistle nor slow up his train, it was error to charge the jury thus: "It is contended by the plaintiff that he has sustained permanent injuries in lessening his capacity to labor and work. If this is true, I charge you that he would be entitled to recover under the rules that I will give you, if you find from the testimony that he has sustained permanent injury. Look to the testimony and see what his age is, and what his probable length of life is, and I will give you a table, the way prescribed by law to govern jurors in this class of cases. Look to these tables now and apply the tables to this case. There is two tables that you will have out before you. I will give you these rules now in reference to those tables. Estimate the value of the property in which the life-estate or dower is held, then find its yearly value at six or seven per cent. on the rate agreed upon, multiply this result by the figures in the table above opposite to the age of the life-tenant in the seven per cent. column, which is as McLeod in this case. The reversionary interest is obtained by subtracting the value of the life-estate from the value of the property." The law merely permits jurors to use the tables; it does not require them to do so. Moreover, the annuity table cannot be rightly